# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GEORGE NATHAN VALENTINE, JR., #346305, 1031846

      Petitioner,

v.                                    ACTION NO. 2:10cv272

HAROLD W. CLARKE,[1]
      Director of the Virginia
      Department of Corrections

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

**A. Background**

Petitioner George N. Valentine ("Petitioner" or "Valentine") is confined pursuant to a judgment of the Circuit Court of the City of Norfolk on March 7, 2005. Petitioner was convicted by a jury of four counts of grand larceny, five counts of statutory burglary, two counts of petit

---

[1] Inasmuch as the petition designates an extraneous party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Harold W. Clarke, Director of the Virginia Department of Corrections. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

larceny, and two counts of conspiracy to commit burglary. Petitioner is currently serving sentences of eleven and three years.

Petitioner filed this instant action challenging these convictions. Petitioner filed a direct appeal to the Court of Appeals of Virginia on June 8, 2005, which was dismissed for failure to file a petition for appeal. Record No. 0588-05-1. Valentine then filed a habeas corpus petition to the Supreme Court of Virginia, raising various allegations, including that his right to file an appeal was denied. The Supreme Court of Virginia granted Petitioner leave to file a belated appeal on October 11, 2006. Record No. 060200.

Thereafter, Petitioner properly filed a petition for appeal to the Court of Appeals of Virginia. The petition for appeal was denied by a single judge on May 9, 2007, but a three-judge panel granted Petitioner's petition for appeal on September 11, 2007. The Court of Appeals issued an opinion on May 6, 2008, after oral argument, affirming Petitioner's convictions. Record No. 2901-06-1. The Supreme Court of Virginia refused Valentine's petition for appeal on October 2, 2008, and his petition for rehearing on November 7, 2008.

Petitioner filed a second habeas corpus petition to the Supreme Court of Virginia, in which he raised all the claims raised by the current petition before this Court. The supreme court dismissed his petition on April 16, 2010. Record No. 091915. Petitioner has exhausted all available state court claims. Valentine filed a petition for habeas corpus in this Court on June 6, 2010. ECF No. 1. Respondent filed a Motion to Dismiss and his Rule 5 Answer on September 28, 2010. ECF No. 12 and 13. This Court granted Petitioner an extension of time to file an opposition to the Respondent's Motion to Dismiss on October 19, 2010. ECF No. 18. Petitioner has never submitted a response and his time has elapsed. Accordingly, this petition is ripe for

2

review.

## B. Grounds Alleged

Valentine's petition incorporates most, but not all, of his previous allegations included in his second habeas corpus petition to the Supreme Court of Virginia. Petitioner, however, renumbers and reorganizes copied portions of his prior petition, resulting in some confusion as to his exact challenges in the present petition. Upon review of the petition, it appears that Valentine asserts the following entitle him to relief under 28 U.S.C. § 2254:

(1) His appellant counsel was ineffective for not arguing that Petitioner's right to a fair and impartial jury was violated because one juror was too inclined to credit the testimony of a law enforcement officer against that of other witnesses;
(2) His appellate counsel was ineffective for not adequately briefing the sufficiency claim he raised on appeal;
(3) His constitutional rights were violated because two jury instructions impermissibly commented on his failure to testify or put on any defense;
(4) He was denied effective assistance of counsel because his trial attorney did not object or move to suppress a black hat on the basis of a defective chain of custody;
(5) He was denied his right to due process and his right to a fair trial because the prosecutor knowingly used perjured testimony;
(6) His trial counsel was ineffective for
(a) Not objecting to the prosecutor's knowing use of perjured testimony, and;
(b) Not challenging the reliability of the identification testimony; and
(7) Finally, he was denied due process because the prosecutor refused to turn over all of the impeachment evidence.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is

3

satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). As Pruett explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." Id. at 1436. "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Valentine has exhausted the available state court claims as to all of the outlined allegations stated above as required by 28 U.S.C. § 2254(b).

Similar to exhaustion, a federal habeas claim can be procedurally defaulted. The procedural default doctrine provides that a claim will be deemed exhausted if state courts have not had the opportunity to review a claim and would now refuse to review the claim under an adequate and independent state procedural rule. See Teague v. Lane, 489 U.S. 288, 298 (1989); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). Where the state would bar review of a claim not already presented to the state court, the claim is simultaneously exhausted and defaulted. The federal court is not able to review a procedurally defaulted claim. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998).

Petitioner's claims (1), (3), (5), (6)(a), and (7) are procedurally defaulted and may not be reviewed by this Court. The Supreme Court of Virginia held that Petitioner's claim that counsel was ineffective for not arguing that Petitioner's right to a fair and impartial jury had been violated when counsel failed to challenge a juror who indicated they would be inclined to favor law enforcement testimony, claim (1) was defaulted under Virginia Code § 8.01-654(B)(2) and Dorsey v. Angelone, 261 Va. 601, 604 (2001) (barring subsequent habeas petitions which raise new claims not raised in prior petition).[2] Petitioner did not raise this claim in his first petition for writ of habeas corpus, although the facts were known to him at the time he filed his first petition to the supreme court. Claim (1) is therefore procedurally defaulted and, thus, unreviewable by this Court. See Stockton v. Murray, 41 F.3d 920, 924 (4th Cir. 1994) (procedurally defaulted claims are barred from federal habeas review).

Petitioner's claim (3), challenging that his constitutional rights were violated when two jury instructions impermissibly commented on his failure to testify or put on any defense, claim (6)(a), alleging that his trial counsel was ineffective for his failure to object to the prosecutor's use of perjured testimony, and claim (7), alleging that Petitioner's due process rights were violated when the prosecutor failed to turn over impeachment evidence, are also procedurally defaulted. Although the facts upon which Valentine bases these claims were known to him at the time of his first habeas petition to the Supreme Court of Virginia, he failed to raise claims (3), (6)(a), and (7) in his first petition. To the extent that Petitioner is attempting to re-allege some

---

[2] Due to renumbering and reorganizing of his state petition, the challenge that Valentine is attempting to raise is somewhat unclear. To the extent that Valentine is arguing that his right to a fair and impartial jury was violated, this claim is also procedurally defaulted under Slayton v. Parrigan, 215 Va. 27, 30 (1974) (default arises when Petitioner failed to raise claims during trial or on direct appeal). However, construing Valentine's federal claim liberally, he may be attempting to re-raise a portion of his first habeas petition that attacks appellate counsel's failure to raise a biased juror claim on appeal (state habeas petition claim (3)). This claim is not procedurally defaulted, but fails on the merits as described by the Supreme Court of Virginia's Order of April 16, 2010. Or. at 3-4. The supreme court's ruling is not contrary to or an unreasonable application of federal law.

claims from his first habeas petition within the federal claims, he has failed to do so in a form that is substantially similar so that this Court may conduct a substantive review of the merits. See Mallory, 27 F.3d at 994-95. These claims would now be barred pursuant to Virginia Code § 8.01-654(B)(2) and Dorsey, 261 Va. at 604, therefore, claims (3), (6)(a), and (7) are procedurally defaulted and unreviewable by this Court.

Petitioner's claim (5) is procedurally defaulted as well for failure to raise this claim at trial or on direct appeal. See Slayton, 215 Va. at 30 ("A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction."). Valentine's allegation that he was denied his right to due process and right to a fair trial because the prosecutor knowingly used perjured testimony was never raised either at trial or on direct appeal. Therefore, Petitioner's claim (5) is procedurally defaulted.

## B. Standard of Review

Pursuant to 28 U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the supreme court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2010). The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way."

Williams v. Taylor, 529 U.S. 362, 386 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389. Additionally, a *rejection* of a claim by the Supreme Court of Virginia is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000). As such, this Court may assess, under the same deferential standards of 28 U.S.C. § 2254, the rationale of the lower state court opinion on which the Supreme Court of Virginia relied in rejecting petitioner's appeal. Id.

## C. Merits

Petitioner's remaining claims are properly exhausted. Federal habeas claims (2), (4), and (6)(b) have been reviewed by the Virginia Supreme Court, and are ripe for federal review.[3] In federal habeas claim (2), Petitioner alleges that his appellate counsel was ineffective for not adequately briefing the sufficiency claim he raised on direct appeal. Claim (4) alleges that Valentine was denied the effective assistance of counsel because his trial attorney did not object or move to suppress the black hat on the basis of a defective chain of custody. Finally, in claim (6)(b), Petitioner alleges that his trial counsel was ineffective for not challenging the reliability of the identification testimony. This Court will review all of these claims in turn.

In a federal habeas petition, the Petitioner may only find relief from a state court dismissal if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The three contexts which would allow a federal court to overturn a state court

---

[3] Federal habeas claims (2), (4), and (6)(b) correspond to state habeas claims (4), (7), and a portion of (12) respectively.

decision on the merits are if (1) the state court announced a conclusion opposite to the United States Supreme Court on a point of law; (2) the state court has come to an opposite conclusion than the United States Supreme Court and the facts are indistinguishable or; (3) the state court has unreasonably applied a legal principle. See Williams, 529 U.S. at 412. It is the Petitioner's burden to overcome the presumption of correctness of the state court's decision by clear and convincing evidence. 28 U.S.C. § 2254(e).

To sustain his allegations of ineffective assistance of counsel, Petitioner must meet the burden established by Strickland v. Washington, 466 U.S. 668 (1984). In Strickland v. Washington, the Supreme Court promulgated a standard to determine if a counsel's performance fell below an objective standard of reasonableness, and the defendant suffered actual prejudice as a result. 466 U.S. at 689-94; see also Williams, 529 U.S. at 391. Strickland requires this Court to review the reasonableness of Valentine's attorney's decisions under a two-prong test: performance and prejudice. Id. Under the performance prong, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Under the prejudice prong, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A court addressing an ineffective assistance of counsel claim need not analyze the performance prong before the prejudice prong, nor must it "address both components of the inquiry . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, . . . that course should be followed." Id. at 697. In order to recommend granting Valentine relief on his ineffective assistance of counsel claims, this Court must find that the Supreme Court of Virginia's dismissal of his claims was an unreasonable application of Strickland.

The basis for Petitioner's claim (2) stems from the appellate counsel's argument that the Commonwealth presented insufficient evidence to sustain some of the charges, where the evidence relied upon was the fabricated testimony of Keith Price, an alleged co-conspirator to the burglaries that formed the underlying offense. Petitioner claims that appellate counsel failed to argue that Price admitted to not committing any burglaries with Petitioner during cross-examination. Petitioner states that had the Court of Appeals considered this argument they would have reversed three convictions of burglary, two grand larceny convictions, and one petit larceny conviction.

Upon consideration of this ineffective assistance claim, the Supreme Court of Virginia found that this claim "satisfie[d] neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland." Or. at 4. The record considered by the Court of Appeals demonstrates that appellant counsel presented the argument in question during oral argument. The Court of Appeals considered the oral arguments, memorialized in a transcript, during its review of Petitioner's appeal, and there is nothing to suggest that counsel's failure to include this specific information in writing resulted in either an error so egregious that his conduct fell below the standard of objective reasonableness, or that Petitioner suffered prejudice. Petitioner was not, therefore denied his right to effective assistance of counsel. The supreme court's finding is not contrary to or an unreasonable application of clearly established federal law.

Petitioner next states in claim (4) that he was denied his right to effective assistance of counsel because his trial attorney did not object or move to suppress the black hat on the basis of a defective chain of custody. The black hat in question was found during the investigation, which ultimately resulted in Petitioner's arrest. Norfolk Police Officer Susan Czarnecki testified that while on patrol on October 13, 2003, she pursued a white minivan until the van lost control and crashed. Tr. 12/8/04 at 20-22. She then attempted to pursue the driver of the van on foot as he fled the scene. Although she was unable to apprehend the driver, she stated that as he fled she noted he was wearing a black hat. Later, a black hat was retrieved by K-9 officers while searching for the driver. Id. at 25-26. Officer Czarnecki testified that she placed the recovered hat on the passenger seat of the van, which was then secured and impounded. Id. at 27.

Following Officer Czarnecki's testimony, the jury heard testimony from Detective Aponte who testified that he recovered the cap from inside the white minivan at the police impound lot. Id. at 49-50. Detective Aponte also testified as to the security at the impound lot. A total of three officers testified at trial that the black hat presented at trial was the same hat recovered by the police, and Czarnecki testified that there was "no question" that the hat she had seen during her pursuit of the defendant was the hat introduced at trial. Id. at 25-26, 39, 43, 49. Although there was a discrepancy as to exactly where the hat was sitting when recovered from the van, the Commonwealth presented further evidence that after DNA testing, the Petitioner could not be ruled out a contributor to the DNA recovered from the hat. Id. at 65.

This evidence demonstrates that the Commonwealth met its burden to provide "reasonable assurance" that the evidence at trial was the same evidence recovered during investigation. Johnson v. Commonwealth, 259 Va. 654, 678 (2000). Trial counsel's decision to

10

stipulate to the chain of custody of the hat was reasonable in light of the strong corroborative evidence presented by the Commonwealth which establishes a reasonably certain chain of custody. Counsel's decision to argue that the hat does not establish that Petitioner committed the charged offenses, rather than argue that the chain of custody for the hat was defective is a reasonable decision. Under Strickland and its progeny, Petitioner's trial counsel is afforded deference by the reviewing court, and need not argue every insignificant or frivolous motion in order not to be deemed ineffective. See Peterson v. Murray, 904 F.2d 882, 889 (4th Cir. 1990).

The Supreme Court of Virginia reviewed Petitioner's habeas petition and found that the chain of custody claim "satisfie[d] neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland." Or. at 5. The court went on to state that Petitioner's failure to "provide any evidence to show that the hat was ever substituted, altered, or tampered with" was fatal to his claim because he could not show that his counsel was ineffective, nor could he demonstrate that he suffered any prejudice as a result of his counsel's stipulation to the black hat's chain of custody. Id. This Court agrees with the supreme court's review of the record, and its findings, as they are not contrary to federal law, or an unreasonable application of such law.

Finally, Petitioner argues that he was unconstitutionally denied the effective assistance of counsel because his trial attorney did not challenge the reliability of the identification testimony from Officer Chad Lee. At trial, Norfolk Police Officer Chad Lee testified that while on surveillance on December 6, 2003 in Norfolk, he identified the Petitioner as the individual who he saw removing bags from the home that he was surveilling. Tr. 12/8/04 at 104-08. Officer Lee testified that he knew the individual he had seen was Valentine because the Officer had

interacted with Valentine "on a routine basis," and he recognized Valentine's distinct walk. Id. at 108-09. Petitioner's trial counsel had cross-examined Officer Lee as to his identification, and specifically pressed him to explain what he meant when he said the Petitioner "walks with an attitude." Id. at 120. Trial counsel commented twice during his closing argument on Officer Lee's testimony, arguing that the evidence was insufficient to sustain a conviction. Id. at 181, 190. Petitioner argues that trial counsel was ineffective for failing to challenge the reliability of this evidence during trial. He contends that this evidence "sealed the deal" on the jury's determination of the Petitioner's guilt as to charges related to the Newport Avenue residence. Pet. Mem. at 39, ECF No. 1. Petitioner states that had his trial counsel objected to Officer Lee's identification testimony, this objection would have been sustained and the testimony excluded.

To bolster this challenge, Petitioner relies on Neil v. Biggers, 409 U.S. 188, 199 (1992). Neil v. Biggers outlines a test of five factors enunciated by the Supreme Court to be considered when evaluating a possible misidentification. This case appears inapplicable to the case at hand. Officer Lee's identification was not the product of suggestive circumstances or an impermissively suggestive line-up. Officer Lee's testimony identifies the Petitioner, who he had known previously, as the man seen removing items from the Newport Avenue address. Trial counsel questioned Officer Lee's identification and drew attention to credibility issues surrounding the identification during his closing argument. This Court agrees with the Supreme Court of Virginia's conclusion that Petitioner has not demonstrated that his trial counsel was constitutionally ineffective, and Petitioner has not demonstrated that he has suffered prejudice. The supreme court has not unreasonably applied federal law, nor has it made findings contrary to federal law.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Respondent's Motion to Dismiss (ECF No. 12) be GRANTED, Valentine's petition for a writ of habeas corpus be DENIED, and the writ of habeas corpus not issue. Claims (1), (3), (5), (6)(a), and (7) are procedurally defaulted, and thus are not reviewable by this Court. Further, Petitioner's claims (2), (4), and (6)(b) fail on the merits, as this Court has reviewed Petitioner's allegations and finds no error in the state court's application of federal law.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v.

Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 24, 2011

# CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

George Nathan Valentine, Jr., # 346305,1031846
Deerfield Correctional Center
21360 Deerfield Drive
Capron, Virginia 23829

Robert H. Anderson, III
Senior Assistant Attorney General
Counsel for the Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk
March 25, 2011

15